UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Parents Leading for Educational Equity (PLEE); A.A. by next friend Rachel Cohn; Rachel Cohn; R.G., by next friend Dell Johnny; Dell Johnny; L.C., by next friend Lorena Rodriguez; and Lorena Rodriguez, each individually and on behalf of all persons similarly situated;<br><br>PLAINTIFFS,<br><br>v.<br><br>Providence Public School Department; the Providence School Board; the Rhode Island Department of Education; and Angélica Infante-Green, in her official capacity as Commissioner of Education;<br><br>DEFENDANTS. | |

**VERIFIED CLASS ACTION COMPLAINT**

**PRELIMINARY STATEMENT**

1.      Organizational Plaintiff Parents Leading for Educational Equity (PLEE) and the

individual Plaintiffs, on behalf of themselves and others similarly situated, bring this action

under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, et seq. (IDEA), Section

504 of the Rehabilitation Act of 1973 (Section 504), and the Americans with Disabilities Act

(ADA) for declaratory and injunctive relief to remediate Defendants' policies, procedures, and

practices of failing to provide special education services to children with disabilities in the

Providence School District who are between the ages of three and five, inclusive ("preschool

children") in violation of IDEA, Section 504 of the Rehabilitation Act, 29 U.S.C. 794(a), and the ADA.

2.      Named individual plaintiffs are current preschool children with sensory, emotional, physical, cognitive or language disabilities who reside in Providence, and their parents.  There is no dispute that these preschool plaintiffs are entitled to timely referrals, evaluations, and determinations of eligibility and that, once they have received an Individualized Education Programs (IEP) provided by their local educational agency, they are entitled to timely receive the services provided in their IEPs. Nonetheless, despite their undisputed legal entitlement to these services, these plaintiffs have been delayed or otherwise denied access to these services because of Defendants' systemic failures to comply with federal law.

3.      The IDEA, Section 504 and their implementing regulations require that each local education agency offer a "free appropriate public education" for children identified as eligible for special education services from their third birthday.  IDEA, Part C, 20 U.S.C. §§ 1431-44, also provides for early intervention services for infants and toddlers with disabilities from birth to their third birthday. These two categories of IDEA services -- preschool services, and early intervention services -- are designed to operate seamlessly, so that children receiving early intervention services begin receiving preschool special education services from their local educational agency when they turn three years old.  In violation of IDEA requirements, Plaintiffs L.C. and R.G. stopped receiving early intervention services on their third birthdays and have received no special education services because of Defendants' failures to comply with federal law and provide special education services timely to all eligible preschool children.

4.      Defendants' actions have caused the individual plaintiffs and members of the proposed class substantial, irreparable harm by denying them the right to timely referrals, evaluations, and

determinations of eligibility and free appropriate public education, and by delaying access to necessary services during critical periods for child development.

### JURISDICTION AND VENUE

5.     This Court has jurisdiction pursuant to 20 U.S.C. §1415(I)(2)(A), 20 U.S.C. § 1415(i)(3(A) and 28 U.S.C. §§ 1331 and1343.

6.     Exhaustion of administrative remedies is not required.  Exhaustion would be futile, as there is no dispute that Defendants have failed to meet legal requirements under federal law and a due process hearing officer does not have the ability to offer the relief required to remedy these systemwide legal violations of the processes for identifying and evaluating and providing IEP services for students with disabilities.

7.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

### Parties

#### A.  Organizational Plaintiff

8.     Parents Leading for Educational Equity (PLEE) is a 501(c)(3) nonprofit organization incorporated in Rhode Island.  Its mission is to advocate for families in educational matters, including advocating and supporting members whose preschool children are directly impacted by the denial of timely special education services and advocating and requiring the timely delivery of special education services to all public school-enrolled preschool children.

9.     PLEE's membership includes parents and families with preschool children with disabilities in need of and entitled to timely identification, evaluations, and a free appropriate public education during their preschool years.

10.    PLEE's membership includes residents of Providence, Rhode Island, who are parents of and families with preschool children with disabilities whose rights to timely identification,

evaluations, and a free appropriate public education during their preschool years have been

and,but for the relief prayed for herein, will continue to be denied because of Defendants' failure

to timely identify, evaluate, and provide educational services to preschool children.  Members of

PLEE include parents and families with children similarly situated to the individual plaintiffs.

11.    PLEE brings this action in its representative capacity on behalf of its members.

References to PLEE as "plaintiff" hereinafter refer to its members.

### B.  Individual Plaintiffs

12.    At all times relevant to this Complaint, individuals Plaintiffs resided in Providence,

Rhode Island.

13.    Plaintiff Rachel Cohn is the parent of Plaintiff A.A.

14.    A.A. was born in August 2019.  He has been diagnosed with a sensory processing

disorder.  He is suspected of also having autism. He had an initial child outreach screening on

February 27 , 2023 that identified that he should be referred for an evaluation, but  A.A. has not

yet received an evaluation and has received no other special education services.

15.    Plaintiff Dell Johnny is the parent of Plaintiff R.G.

16.    R.G. was born in January 2019.  He has an IEP that was to be effective as of December

2022, but R.G. has not yet received any special education services.   His need for immediate

special education is acute.

17.    Plaintiff Lorena Rodriguez is the parent of Plaintiff L.C.

18.    L.C. was born in March 2020.  L.C. has an IEP that was to be effective in March 2023

but has not yet received any special education services.  L.C. received early intervention services

until his third birthday, has been diagnosed with autism and has not acquired spoken language in

English or Spanish, the language of his home. His need for immediate special education services is acute.

**Defendants**

19.     Defendant Providence Public School Department (PPSD) is a Local Educational Agency (LEA) within the meaning of 20 U.S.C. §1401(19) and is the school district that serves Providence residents.

20.     Defendant PPSD is the agency responsible for providing Plaintiffs and members of the proposed class a free appropriate public education (FAPE) in the city of Providence.

21.     Pursuant to Rhode Island General Law § 16-2-9, Defendant Providence School Board is the entity in which is vested the entire care, control, and management of all the public schools in the Providence School District. The Providence Public School Department and the Providence School Board are referred to collectively as "the District."

22.     Defendant Rhode Island Department of Education (RIDE) is the State Educational Agency (SEA) within the meaning of 20 U.S.C. §1401(32) and is primarily responsible for the state supervision of public elementary and secondary schools in Rhode Island under state and federal law.

23.     Defendant Angélica Infante-Green is the Rhode Island Commissioner of Elementary and Secondary Education.  She is sued in her official capacity.

24.     On July 23, 2019, the Council of Elementary and Secondary Education of the State of Rhode Island Board of Education delegated to the Commissioner its: "power and authority to take actions consistent with, and in furtherance of, RIDE's intervention in and support of the Providence Public School District, which would include, but not be limited to, assuming control of the District, the reconstitution of the Providence Public Schools and any other power (at law

and in equity) available to the Council as may be authorized by law and as may be determined to be necessary and appropriate by the Commissioner."  (Minutes of the July 23, 2019 meeting of the Council of Elementary and Secondary Education.)

25.     On October 15, 2019, the Commissioner entered: (a) a Decision Establishing Control over the Providence Public School District and Reconstituting Providence Public Schools; and (b) an Order of Control and Reconstitution providing, inter alia, that: "The Commissioner shall control the budget, program, and personnel of PPSD and its schools and, if further needed, the Commissioner shall reconstitute PPSD schools, which may include restructuring the individual school's governance, budget, program, personnel and/or decisions related to the continued operation of the school. The Commissioner shall exercise all the powers and authorities delegated by the Council to the Commissioner and all powers of RIDE over the budget, program, and personnel of PPSD and over the individual school's governance. The Commissioner shall also have all powers and authorities currently exercised by the Providence School Board and Superintendent (Acting, Interim or Permanent), as well as all powers and authorities of the Mayor of the City of Providence and the Providence City Council as it pertains to PPSD and its schools."

26.     On November 1, 2019, the Mayor of the City of Providence entered into a Collaboration Agreement recognizing that "RIDE has assumed full managerial and operational control and responsibility over PPSD's budget, program and personnel," and agreeing "to collaborate in RIDE's exercise of control over PPSD's budget, program and personnel, and its schools."

27.     Pursuant to the Order of Control and Reconstitution and Collaboration Agreement, effective November 1, 2019 Commissioner Infante-Green and RIDE have the sole responsibility

for supervising the Providence School District pursuant to state law and therefore serve as the LEA as provided by IDEA as well as the SEA.

28.     With respect to all matters complained of herein, the Defendants are the recipients of federal financial assistance within the meaning of and subject to the requirements of Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §794.

29.     With respect to all matters complained of herein, the Defendants are public entities within the meaning of and subject to the requirements of Title II of the ADA, as amended, 42 U.S.C. §12131, *et seq.*

### CLASS ACTION ALLEGATIONS

30.     The Individual Plaintiffs bring this action on behalf of themselves and all others similarly situated in a proposed plaintiff class consisting of two subclasses, defined below, under Federal Rule of Civil Procedure 23(a) and (b)(2).  The proposed plaintiff class consists of the following subclasses:

   a.  Subclass 1:  Identified Children denied timely evaluation and determination of eligibility for special education and related services:  All children, who are or hereafter will be between the ages of three and five, with disabilities as defined by the IDEA, living or will live in the City of Providence who have been identified by Providence Public School Department as requiring an initial evaluation for eligibility for special education services and have not received or will not receive an initial evaluation and determination of eligibility for special education and related services. Plaintiffs A.A. and Rachel Cohn seek to represent this subclass.

b.  Subclass 2:  Children with IEPs denied IEP Services: All children, who are or hereafter will be between the ages of three and five, with disabilities as defined by the IDEA, living or will live in the City of Providence, who have been determined eligible for preschool programs under Part B of the IDEA and have been provided an IEP, but have been denied or delayed in the provision of the preschool programs and services identified in their IEPs on the claimed basis of unavailable resources or staffing.  Plaintiffs R.G. and L.C. and their parents Dell Johnny and Lorena Rodriguez seek to represent this subclass.

31.    The proposed class and each subclass are so numerous that joinder of all members is impracticable. On information and belief, there are more than three hundred members of the overall class.  On information and belief there are more than a hundred children, aged three to five, who have not been or will not be timely identified for the purposes of offering special education and related services, have not or will not receive a timely initial evaluation for the purposes of offering special education and related services, and/or have not or will not receive a timely determination of their eligibility for special education and related services.  On information and belief there are more than 200 children who have been provided IEPs but have not been provided with the special education and related services required by their IEPs.

32.    There are numerous questions of fact and law common to the class concerning whether Defendants' policies, procedures and practices related to identification, timely evaluation, timely eligibility determinations, and smooth and effective transition from Part C Early Intervention Service to the timely provision of special education and related services under Part B pre-school services violate the IDEA, Section 504 of the Rehabilitation Act, the ADA and implementing regulations.

33.    The individual Plaintiffs seeking to represent the class present claims that are typical of the class as a whole (denial of preschool special education evaluation and provision of services) and of their respective subclass in that each of the named minor Plaintiffs has a disability that makes them eligible for special education and related services but has not received a timely initial evaluation for the purposes of offering special education and related services, when three to five years old, and/or has been denied the services to which they have been found eligible since they turned three.   Both the named Plaintiffs and members of the proposed classes have been denied FAPE.

34.    Declaratory and injunctive relief are appropriate with respect to the class as a whole because Defendants have acted and failed to act on grounds applicable to the class.

35.    The named Plaintiffs will adequately represent the class because their interests do not conflict with the interests of the members of the class they seek to represent.

36.     The proposed class is represented by Ellen Saideman, Lynette Labinger, and Jennifer Wood, who are experienced in class action litigation in federal court.  They will adequately represent the class and subclasses.

**Statutory Scheme**

37.    Congress enacted the IDEA in 1975 to ensure that all children with qualifying disabilities receive FAPE.

38.    The IDEA is a federal grant program administered by the U.S. Department of Education (USDOE).  It provides grants to the states "to assist them to provide special education and related services" in accordance with Part B of the statute, 20 U.S.C.§ 1411(a)(1).  Part B

provides for special education and related services for children between the ages of 3 and 21, inclusive.  20 U.S.C.§ 1412(a)(1)(A).

39.    IDEA also provides grants to states,"to implement a statewide, comprehensive, coordinated, multidisciplinary, interagency system that provides early intervention services for infants and toddlers with disabilities and their families."  20 U.S.C. § 1431(b)(1).

40.    The primary purpose of the IDEA is "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment and independent living." 20 U.S.C. §1400(d)(1)(A). This requirement is known as the duty to provide FAPE.

41.    In enacting the FAPE requirement, Congress originally only provided for children with disabilities between the ages of 5 and 21, inclusive.  However, in 1986, Congress amended the IDEA FAPE protection to include preschool children between the ages of three and five years old.  Pub. L. 99-457, Title II, Sec. 203(a).  Accordingly, today IDEA declares that FAPE must be made available to "all children with disabilities residing in the state between the ages 3 and 21 inclusive. .  ." 20 U.S.C. 1412(a)(1)(A).

42.    In order to ensure that all eligible children receive FAPE, IDEA specifically mandates that "[A]ll children residing in the State, * * * , regardless of the severity of their disabilities, and who are in need of special education and related services, are identified, located, and evaluated * * *." 20 U.S.C. § (a)(3)(A); 34 C.F.R. § 300.111(a)(1)(i).  This is known as the "Child Find" duty.  This duty applies to all eligible children, including those between ages three and five years old.

43.     The specific requirements of the Child Find and FAPE duties and the process that Defendants must follow when identifying, locating, evaluating, and offering special education services to children with disabilities are clearly set forth in the IDEA, the Rehabilitation Act, and the implementing regulations of the USDOE.

44.     For example, Defendants are required to put "in effect policies and procedures" to ensure that all children with disabilities who need special education and related services are identified, located, and evaluated.  20 U.S.C. § 1412(a)(3)(A); 34 C.F.R. § 300.111(a)(1).  Defendants must ensure that a "practical method is developed and implemented to determine which children with disabilities are currently receiving needed special education and related services."  20 U.S.C. § 1412(a)(3)(A); 34 C.F.R. § 300.111(a)(1)(ii).

45.     Under Section 504's regulations, Defendants are required to identify and notify children with disabilities and their parents and guardians of the availability of special education and related services.  "Defendants have a duty to 'identify and locate every qualified handicapped' child residing in the jurisdiction and to '[t]ake appropriate steps to notify handicapped persons and their parents or guardians of [this] duty . . .'"  34 C.F.R. § 104.32(a).  *See* 29 U.S.C. § 794(a); 34 C.F.R. § 104.33.

46.     Defendants are required to evaluate children suspected of disabilities.  20 U.S.C. § 1414(a)-(c).  Defendants must conduct comprehensive "initial evaluations" to "determine whether a child is a '"child with a disability"' and "to determine the educational needs of such child."  20 U.S.C. § 1414(a)(1)(C)(i)(I).  *See* 34 C.F.R. § 300.301(c)(2).  Defendants' evaluations must conform to the evaluation procedures set forth in the IDEA and implementing regulations. *See* 20 U.S.C. § 1414(b); 34 C.F.R. § 300.304.  For example, Defendants must "assess[] in all areas related to suspected disability, including . . . health, vision, hearing, social and emotional

status, general intelligence, academic performance, communicative status, and motor abilities." 34 C.F.R. § 300.304(c)(4)., *See also* 20 U.S.C. § 1414(b)(3). Defendants must conduct evaluations that are "sufficiently comprehensive to identify all of the child's special education and related services needs . . . " 34 C.F.R. § 300.304(c)(6).

47.     The initial evaluation must be conducted within 60 days of receiving parental consent for the evaluation under both federal and Rhode Island implementing regulations. 34 C.F.R. § 300.301(c)(1)(i); 200-RICR-200-30-6.72(A)(1)(b).

48.     If a student is determined eligible for special education, an IEP meeting must be conducted and an IEP must be developed and special education and related services must be made available to the child in accordance with the IEP within fifteen (15) school days of the eligibility determination. 200-RICR-200-30.6.72(A)(1)(c).

49.     After conducting evaluations, a team of "qualified professionals and the parent of the child" must meet in an IDEA eligibility meeting to determine whether the child is eligible for special education and, if so, what the educational needs of the child are. 20 U.S.C. §1414(b)(4). *See also* 20 U.S.C. § 1414(d)(1)(B); 34 C.F.R. §§ 300.306.

50.     Educational programs for children with disabilities are designed and implemented through an IEP. The contents of the IEP are required by statute. 20 U.S.C. §1414(d)(1)(A).

51.     Once a child has been found eligible, the Individual Education Program Team, including the parents of the child with the disability as well as educational and other professionals, must meet to craft the IEP. 20 U.S.C. § 1414(d)(1)(A), (B) & (C). The IEP must be designed to meet "the child's needs that result from the child's disability to be involved in and make progress in the general education curriculum;" and "meet each of the child's other educational needs that result from the child's disability." 20 U.S.C. § 1414(d)(1)(A)(i)(II) (aa) & (bb).

52.    The IEP must include both annual goals for the child's educational development and detail the specific special education and related services to be provided to the child.  20 U.S.C. § 1414(d)(1)(A)(i)(II) & (IV); 34 C.F.R. §§ 300.342(b)(ii) & 300.347.  It must specify "the special education and related services and supplementary aids and services . . . to be provided to the child."  34 C.F.R. § 300.320(a)(4).  The IEP must provide "the projected date for the beginning of services and modifications" and "the anticipated frequency, location, and duration of those services and modifications." 20 U.S.C. § 1414(d)(1)(A)(i) (VII).

53.    "At the beginning of each school year, each public agency must have in effect, for each child with a disability, within its jurisdiction, an IEP."  34 C.F.R. § 300.323(a).

54.    Defendants' Child Find and FAPE obligations extend to all children in Providence, whether they are enrolled in public schools, private schools, charter schools, daycare facilities, or are at home.  20 U.S.C. § 1412(a)(3)(A).

55.    To ensure that Defendants are able to provide FAPE and comply with Child Find for all children with disabilities by the time they turn three years old, Congress added a program to serve infants and toddlers with disabilities from birth to age three, known as IDEA Part C.  *See* 20 U.S.C. §§ 1431-1444.  Part C requires Defendants to provide infants and toddlers with disabilities from birth to age three with "appropriate early intervention services" and to develop an Individual Family Service Plan (IFSP), which is similar to an IEP.  20 U.S.C. §§ 1435(a)(2); 1436.

56.    Defendants' Child Find and FAPE duties extend to ensuring that "[c]hildren participating in early intervention programs assisted under part C, and who will participate in preschool assisted under this part, experience a smooth and effective transition to these preschool programs . . ." 20 U.S.C. § 1412(a)(9).  IDEA thus requires that Defendants ensure that "by the third

birthday of such a child [who is transitioning from Part C to Part B], an [IEP] or an [IFSP] has been developed and is being implemented for the child." *Id.*
.

### Statement of Facts

57.    A.A. is suspected of having autism and has already been diagnosed with a sensory processing disorder.

58.    During a child outreach screening on February 23, 2023, Rachel Cohn was advised that A.A. was eligible for a referral for special education services.  A.A. was referred for an evaluation as of March 15, 2023.

59.    On March 21, 2023, the child outreach coordinator/preschool intervention specialist advised Rachel Cohn, "Unfortunately, due to staffing issues, our evaluation team is taking longer than expected to review referrals.  [A.A.] has not yet been assigned to a case manager."

60.    On April 24, 2023, another preschool evaluation team intervention specialist advised Rachel Cohn that A.A. "is on our list awaiting a case manager to be available . . .As soon as he reaches the top of the list, a case manager will be assigned."

61.    R.G. was referred for evaluation by his Child Outreach screening results due to concerns about his language and his development.   He was evaluated by Providence Public Schools on October 25, 2022 when he was 3 years, 9 months old by both a special educator and a speech-pathologist.

62.    The evaluation found that R.G. had significantly below average cognitive development and below average social emotional development as compared to same age peers and indicated "global language skills typical of a much younger child."

63.    Following the evaluation, an IEP was prepared for R.G.  There is no dispute that R.G. requires special education and the related service of speech language therapy.  The IEP provided

for both special education and speech language therapy.   It stated that it would be effective for the period from December 14, 2022 to December 23, 2023.

64.     R.G. has not received any special education or speech therapy from Providence and continues to wait for services.

65.     L.C. has significant language and developmental delays.

66.     L.C. received early intervention services, has been diagnosed with autism and has an IEP developed which was identified to be put into effect as of March 2023.

67.     There is no dispute that L.C. requires the special education and services identified in his IEP.

68.     L.C. has not received any of the services identified in his IEP and remains at home.

69.     Defendants are failing to comply with their Child Find and FAPE obligations to identify, locate, evaluate, and offer special education and related services to all preschool children with disabilities in Providence.

70.     Defendants have failed to provide Plaintiffs and class members critical services mandated by Child Find and FAPE standards and requirements.  Defendants' failures are widespread and systemic and can only be rectified with injunctive and declaratory relief from this Court.

71.     Defendants are failing to evaluate preschool children for special education and related services or are performing these evaluations only after months of delay in violation of IDEA's evaluation procedures, or not at all, despite parents' repeated requests for these evaluations. Defendants have admitted that Providence does not have staff to conduct these evaluations in a timely manner.

72.     Defendants have failed to convene timely IEP meetings to determine eligibility for special education services and to develop IEPs, which specify what services will be provided.

73.     As a result of both evaluation and service provision failures, many preschool children experience substantial delays before they are found eligible and actually receive services. Hundreds of preschool children who have been found eligible and in need of services are not receiving special education and related services.

74.     Defendants have failed to ensure a "smooth and effective transition" for infants and toddlers with disabilities transitioning from Part C of IDEA to Part B of IDEA by their third birthday.  As a result, many preschool children are terminated from early intervention special education and related services on their third birthday without smoothly transitioning to three- to five-year-old services and experience a significant interruption in services that are critical to their development.

75.     Defendants have failed to offer Plaintiffs appropriate placements and services or have offered placements and services only after months of delay.

76.     Defendants have conceded the central structural deficiencies and inadequacies regarding the numerous Child Find and FAPE violations detailed above.   All Defendants have been well aware that Providence has not been providing mandated federal special education services at least since March 2022, but they have not taken the steps necessary to come into compliance with federal law.

77.     On March 9, 2023, WPRI television news reported that Commissioner Angélica Infante-Green had told WPRI, "This is terrible.  It's a bad situation."  She acknowledged that the district is "having trouble meeting the law."

78.     In that same report, Sandra Stuart, the chief student support service officer for the Providence Public School Department, acknowledged to WPRI that at that time at least 34 students with IEPs were not getting the services that Providence is legally obligated to provide.

School officials advised WPRI that they have two classrooms that are ready but do not have staff and that they are "trying" to open two more classrooms.

79.    It is critical that children with disabilities be identified in their preschool years or earlier so that they receive special education and related services that can ensure that they will have educational opportunities in elementary and secondary school consistent with their needs and abilities.  Defendants' actions have harmed and continue to harm hundreds of current and future preschool students in Providence by adversely affecting their educational opportunities, learning, and well-being.

80.    Upon information and belief, at the same time that Defendants are failing to fulfill Child Find and FAPE services to plaintiffs, Defendants have opted to offer and to set aside classrooms and teachers to staff a "preK in Rhode Island" program which provides a full five-day per week pre-Kindergarten program to approximately 200 three and four-year olds selected by lottery.  As a result of the random selection process, there are three and four-year old children residing in Providence without disabilities or need for special education services who are being provided a full educational program by Defendants while plaintiffs are told to "wait."

81.    Plaintiffs have no adequate remedy at law and are suffering and will continue to suffer irreparable harm in the absence of injunctive and equitable relief from the Court.

**First Cause of Action--IDEA**
**[against RIDE, both as SEA and LEA, and   Infante-Green, Providence School District and School Board as LEA]**

82.    Plaintiffs incorporate the allegations contained in paragraphs 1 through 81 of the Complaint as if fully set forth herein.

83.    RIDE and the District both receive federal funds for providing services under IDEA.

84.     To be eligible to receive federal funds, Rhode Island must have in effect policies and procedures to ensure that "[a] free appropriate public education is available to children in the State between the ages of 3 and 21, inclusive." 20 U.S.C. §1412(a)(3).

85.     RIDE is responsible for identifying, locating, and evaluating all children with disabilities in the state. 20 U.S.C. § 1412(a)(3).

86.     RIDE is responsible for providing an IEP or an Individualized Family Services Plan that meets the requirements of 20 U.S.C. § 1436(d). 20 U.S.C. § 1412(a)(4).

87.     RIDE is responsible for supervising the local educational agencies to ensure that the requirements of IDEA are met.  20 U.S.C. § 1412(11).

88.     If a local agency has failed to establish and maintain special education programs that meet the requirements of IDEA, the state may use federal funds to provide direct services itself. 20 U.S.C. § 1413(g).

89.     As a local educational agency, the District is required to comply with the requirements of IDEA.  20 U.S.C. § 1413.

90.     As set forth above, RIDE and Commissioner Infante-Green have assumed control of the District and also serve as the local educational agency governing Providence.

91.     Defendants RIDE, Infante-Green and the District have violated their Child Find obligations by failing to timely identify, evaluate, and determine eligibility for children with disabilities age 3-5, including the plaintiffs.

92.      Defendants RIDE, Infante-Green, and the District have violated their FAPE obligations by failing to provide students age 3-5, including the plaintiffs, with the services and supports identified in their IEPs.

93.     By failing to supervise the District or use federal funds to provide direct services itself so

that children ages 3-5, including the plaintiffs, can receive FAPE, RIDE has violated its obligations under IDEA.

### Second Cause of Action—Section 504
### [against all defendants]

94.    Plaintiffs incorporate the allegations contained in paragraphs 1 through 81 of the Complaint as if fully set forth herein.

95.    Minor Plaintiffs are qualified individuals with a disability protected from discrimination based on disability by Section 504 of the Rehabilitation Act of 1973.

96.    The District and the State of Rhode Island receive federal funds, and, therefore, are subject to the requirements of Section 504 of the Rehabilitation Act of 1973.

97.    Plaintiffs are entitled to equal opportunity to benefit from education and to reasonable accommodations for their disabilities.

98.    Providence and other nearby school districts have numerous private day care, Head Start, and preschool programs.  Providence could provide many members of the class with effective preschool programs by placing students in private day care, Head Start and preschool programs and providing supplemental special education and related services as well as training for staff at these programs.  Serving students in these programs that also serve students without disabilities would provide services in the least restrictive environment as required by federal law.

99.    Defendants have failed to take action to ensure that plaintiffs receive educational services that will present equal opportunity to benefit from education as required by §504 of the Rehabilitation Act of 1973.

**Third Cause of Action--ADA**
**[against all defendants]**

100.    Plaintiffs incorporate the allegations contained in paragraphs 1 through 81 of the

Complaint as if fully set forth herein.

101.    Minor Plaintiffs are qualified individuals with a disability protected from discrimination

based on disability by the ADA.

102.    The District is a public entity and is subject to the requirements of Title II of the ADA.

103.    RIDE is a public entity and is subject to the requirements of Title II of the ADA;

Commissioner Infante-Green in her official capacity as Commissioner of Education, including

her responsibilities to the District pursuant to the delegation of the District's powers, is subject to

the requirements of Title II of the ADA.

104.    Plaintiffs are entitled to equal opportunity to benefit from education and to reasonable

accommodations for their disabilities.

105.    Defendants have failed to provide plaintiffs with the special education and related

services that they require in order to access the same educational opportunities as their peers

without disabilities.

**REQUEST FOR RELIEF**

Wherefore, the plaintiffs request that the Court:

      A.      Assume jurisdiction of this matter;

      B.      Certify the proposed class under Rule 23(a) and 23(b)(2) of the Federal

            Rules of Civil Procedure;

      C.      Declare that Defendants' policies and practices of failing to provide

evaluation, special education and related services set forth in IEPs to students ages 3-5 in Providence violate the IDEA, Section 504, and the ADA;

D.      Temporarily and preliminarily enjoin Defendants from failing to provide timely evaluation services and/or the special education and related services required in the IEPs of the plaintiffs and members of the proposed class, either by providing services itself or by contracting with other school districts and educational providers to provide those services.

E.      After hearing on the merits, permanently enjoin Defendants from failing to provide timely evaluation services and/or the special education and related services required in the IEPs of the plaintiffs and members of the proposed class, and provide make-whole relief to make up for the educational services that have been denied because Defendants did not evaluate them in a timely manner nor provide the special education and related services provided in their IEPs in a timely manner.

F.      Award the Plaintiffs their reasonable attorneys' fees and litigation costs and expenses pursuant to 20 U.S.C.§ 1415(i)(3)(B), 42 U.S.C. § 1988, and 42 U.S.C. § 12205.

G.      Grant such other and further relief as the Court deems necessary and proper.

Plaintiffs,
By their attorneys

/s/ Ellen Saideman
Ellen Saideman, Esq. (Bar No. 6532)
Law Office of Ellen Saideman
 7 Henry Drive
Barrington, RI  02806
401.258.7276
fax 401.709.0213
esaideman@yahoo.com

Cooperating counsel, ACLU Foundation of RI

/s/Lynette Labinger
Lynette Labinger, Esq.
(Bar No. 1645)
128 Dorrance Street, Box 710
Providence, RI  02903
401.465.9565
LL@labingerlaw.com

Cooperating counsel, ACLU Foundation of RI

Jennifer L. Wood
Bar No. 3582
The R.I. Center for Justice
1 Empire Plaza, Ste. 410
Providence, RI 02903
401.827.6431
jwood@centerforjustice.org

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

Parents Leading for Educational Equity
(PLEE); A.A. by next friend Rachel Cohn;
Rachel Cohn; R.G., by next friend Dell
Johnny; Dell Johnny; L.C., by next friend
Lorena Rodriguez; and Lorena Rodriguez,
each individually and on behalf of all persons
similarly situated;

       PLAINTIFFS,

v.

Providence Public School Department; the
Providence School Board; the Rhode Island
Department of Education; and Angélica
Infante-Green, in her official capacity as
Commissioner of Education;

       DEFENDANTS.

**VERIFICATION**
**DECLARATION OF RAMONA SANTOS TORRES on behalf of**
**PARENTS LEADING FOR EDUCATIONAL EQUITY (PLEE)**

I, **RAMONA SANTOS TORRES**, hereby make the following declaration:

1. I am the Co-Founder and Executive Director of Parents Leading for Educational Equity (PLEE), one of the plaintiffs in the above-captioned action.

2. I have read the foregoing complaint and it is true and correct to the best of my knowledge, information and belief.
In accordance with 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing is true and correct.
Executed on

7/17/2023

**RAMONA SANTOS TORRES**

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Parents Leading for Educational Equity (PLEE); A.A. by next friend Rachel Cohn; Rachel Cohn; R.G., by next friend Dell Johnny; Dell Johnny; L.C., by next friend Lorena Rodriguez; and Lorena Rodriguez, each individually and on behalf of all persons similarly situated;<br><br>PLAINTIFFS,<br><br>v.<br><br>Providence Public School Department; the Providence School Board; the Rhode Island Department of Education; and Angélica Infante-Green, in her official capacity as Commissioner of Education;<br><br>DEFENDANTS. | |

**VERIFICATION**
**DECLARATION OF RACHEL COHN**

I, **RACHEL COHN**, hereby make the following declaration:

1. I am the mother of A.A., one of the named plaintiffs in the above-captioned action, and I myself am a named plaintiff in the above-captioned action.

2. I have read the foregoing complaint and it is true and correct to the best of my knowledge, information and belief.

In accordance with 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed on ___7/17/2023_____

Rachel Coh
ID f7zSryaH9tBDRwdZzUewNRQ1
_____
**RACHEL COHN**