# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Parents Leading for Educational Equity (PLEE); et al.<br><br>PLAINTIFFS,<br><br>  v.<br><br>Providence Public School Department; et al.<br><br>DEFENDANTS. | C.A. 23-cv-00301-MSM-PAS |

## JOINT MOTION FOR FINAL APPROVAL OF PROPOSED SETTLEMENT AND CLASS CERTIFICATION FOR SETTLEMENT PURPOSES

*Counsel for Plaintiffs*

Ellen Saideman, Esq. (Bar No. 6532)
Law Office of Ellen Saideman
7 Henry Drive
Barrington, RI  02806
401.258.7276
fax 401.709.0213
esaideman@yahoo.com

Lynette Labinger (Bar No. 1645)
128 Dorrance St., Box 710
401.465.9565
Providence, RI 02903
ll@labingerlaw.com

Cooperating counsel,
ACLU Foundation of RI

Jennifer L. Wood (Bar No. 3582)
The R.I. Center for Justice
1 Empire Plaza, Ste. 410
Providence, RI 02903
401.837.6431
jwood@centerforjustice.org

*Counsel for Defendants*

Anthony Cottone (Bar No. 3922)
Chief Legal Counsel
Kaelyn R. Phelps Prigge (Bar No. 10171)
RI Department of Education
255 Westminster Street
Providence, RI 02903
401.222.4600
Anthony.Cottone@ride.ri.gov

Mary Ann Carroll (Bar No. 6664)
155 South Main Street, Suite 406
Providence, RI 02903
401.424.5224
macarroll@hcllawri.com


October 25, 2023

Plaintiffs and Defendants (collectively, the "Parties"), respectfully submit this joint motion pursuant to Fed. R. Civ. P. 23(e) seeking certification of class action status under Fed. R. Civ. P 23(b)(2) for settlement purposes and final approval of the proposed settlement reached by the Parties.  By Order entered on September 11, 2023, ECF 29, the Court provisionally granted certification of class action status under Fed. R. Civ. P. 23(b)(2) for settlement purposes; granted preliminary approval of the class settlement; and approved the proposed notice to class members and proposed notice plan, with a fairness hearing scheduled for November 2, 2023 at 10 am.

Because the Settlement represents a fair, reasonable, and adequate resolution of the claims raised in Plaintiffs' Class Action Complaint, ECF 1, the Parties jointly request that the Court grant final approval of the Settlement.

## BACKGROUND

The pertinent factual and procedural background leading up to the Settlement is set forth in the Parties' Joint Motion for Preliminary Approval of the Settlement ("Preliminary Approval Motion"), ECF 28 at 1-2, and the Parties hereby incorporate that factual and procedural background by reference. After the Parties executed the relevant Settlement Terms on August 29, 2023, the Parties filed the Preliminary Approval Motion on September 7, 2023.  The specific terms of the Settlement are summarized in the Preliminary Approval Motion, *see id.* at 3-5, and the Parties hereby incorporate that summary by reference as well.

The Preliminary Approval Motion set forth a plan for providing notice of the Settlement to members of the Plaintiff Class and attached a proposed "Notice of Proposed Settlement of Class Action Lawsuit" (the "Class Notice"), which explains the nature of the Parties' dispute, the Settlement Terms, the right of Class members to object to the Settlement and, if they submit a timely objection to the Court, to appear and be heard at the "Fairness Hearing" required by Fed.

R. Civ. P. 23(e)(2). *See id.* at 13-14; ECF 28-3. Under the Parties' proposed notice plan, the Class Notice was to be sent by mail and, where known, email to the parents and guardians of all children described in the two subclasses preliminarily approved by the Court. Defendants were required to send the Class Notice in each family's language of record. In addition, the Notice and the Settlement Terms were to be posted on the website of both the Rhode Island Department of Education and the Providence Public Schools, as well as on the website of Class Counsel and their affiliates (the Rhode Island Center for Justice and the ACLU of Rhode Island) until the Fairness Hearing.

On September 11, 2023, the Court granted the Preliminary Approval Motion, provisionally certifying two subclasses under Rule 23(b)(2), preliminarily approving the class settlement, and approving the Class Notice and notice plan set forth therein. ECF 29. The Court's Order directed the Parties to complete issuance of the Class Notice by September 21, 2023. *Id.* at 2-3. The Court also set a deadline of October 20, 2023 for Class members to object to final approval of the Settlement. *Id.* at 2.

The Parties provided the class notice in compliance with the Court's Order and pursuant to the Court-approved notice plan.[1]

By the October 20, 2023 deadline, Plaintiffs' counsel received numerous requests for

---

[1] Defendant Providence School District mailed approximately two hundred sixty families on or before September 21, 2023. Defendant Providence School District did not provide additional notice by email. The Notice in English was posted on all websites on September 21, 2023 with the translations and Settlement Terms posted on the RIDE website and Plaintiffs' two websites no later than September 22, 2023. Some technical difficulties required further tweaking of Providence's website in the week following the initial Notice deadline.

In addition to mailing and publishing the Notices, RIDE, Center for Justice and ACLU of RI each posted a pop-up message on their respective homepages directing visitors to the Settlement Notice and Terms.

additional information or clarification from individuals who received the Notice by mail. No class member filed an objection.[2]

## ARGUMENT

Under Fed. R. Civ. P. 23(e), a court "must approve the settlement in a class action and, to do so, must allow a hearing and make a finding that the settlement 'is fair, reasonable, and adequate,' Fed.R.Civ.P.23(e)(2), or (in shorthand), 'reasonable.'" *Nat'l Ass'n of Chain Drug Stores v. New Eng. Carpenters Health Benefits Fund*, 582 F.3d 30, 44 (1st Cir. 2009) (quoting Fed. R. Civ. P. 23(e)(2)); *see also [Del] Sesto v. Prospect Chartercare, LLC*, No. 18-cv-328-WES, 2019 WL 5067200, at *3 (D.R.I. Oct. 9, 2019). "It is neither required, nor is it possible for a court to determine that the settlement is the fairest possible resolution of the claims of every individual class member; rather, the settlement, *taken as a whole*, must be fair, adequate and reasonable." *Shy v. Navistar Int'l Corp.*, No. C-3-92-333, 1993 WL 1318607, at *2 (S.D. Ohio May 27, 1993) (emphasis in original; citation omitted); *accord Nat'l Ass'n of Chain Drug Stores Fund*, 582 F.3d at 44; *see also Rolland v. Patrick*, 562 F. Supp. 2d 176, 178 (D. Mass. 2008) ( Rule 23(e) requires "an evaluation of 'whether the proposal, taken as a whole, is fair, adequate, reasonable and in the best interests of all those who will be affected by it.'" (quoting *Giusti–Bravo v. U.S. Veterans Admin.*, 853 F. Supp. 34, 36 (D.P.R. 1993)).

"[A]lthough '[t]he case law offers "laundry lists of factors" pertaining to reasonableness . . . "the ultimate decision by the judge involves balancing the advantages and disadvantages of the proposed settlement as against the consequences of going to trial or other possible but perhaps unattainable variations on the proffered settlement."'" *Del Sesto*, 2019 WL 5067200, at *3 (quoting *Bezdek v. Vibram USA, Inc.*, 809 F.3d 78, 82 (1st Cir. 2015)). In making this "ultimate

---

[2] As of this filing, no objection, either on time or submitted after the October 20, 2023 deadline, has been received.

decision," the district court "enjoys considerable range in approving or disapproving a class action settlement, given the generality of the standard and the need to balance benefits and costs." *Nat'l Ass'n of Chain Drug Stores Fund*, 582 F.3d at 44-45; *see also Common Cause R.I. v. Gorbea*, No. 20-cv-00318-MSM-LDA, 2020 WL 4365608, at \*4 (D.R.I. July 30, 2020) ("Approval of a consent decree is 'committed to the trial court's informed discretion.'" (quoting *P.R. Dairy Farmers Ass'n v. Pagan*, 748 F.3d 13, 20 (1st Cir. 2014))).

In exercising its discretion, "the district court must presume the settlement is reasonable" where, as here, "the parties negotiated at arm's length and conducted sufficient discovery." *Bezdek*, 809 F.3d at 82 (quoting *In re Pharm. Average Wholesale Price Litig*, 588 F.3d 24, 32–33 (1st Cir. 2009)); *In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. 330, 350–51 (N.D. Ohio 2001) ("[W]hen a settlement is the result of extensive negotiations by experienced counsel, the Court should presume it is fair."). That is because "there is a range of reasonableness with respect to a settlement—a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion." *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 186 (W.D.N.Y. 2005) (quoting *Newman v. Stein*, 464 F. 2d 689, 692 (2d Cir. 1972)); *see also Del Sesto*, 2019 WL 5067200, at \*3 (noting courts should consider "the range of reasonableness of the settlement . . . in light of the best possible recovery").

Moreover, because "the parties' attorneys are experienced and knowledgeable about the facts and claims, their representations to the court that the settlement provides class relief which is fair, reasonable and adequate should be given significant weight." *Rolland v. Cellucci*, 191 F.R.D. 3, 10 (D. Mass. 2000); *see also Varacallo v. Mass Mut. Life Ins. Co.*, 226 F.R.D. 207, 240 (D.N.J. 2005) ("Class Counsel's approval of the Settlement also weighs in favor of the

Settlement's fairness"); *Bussie v. Allmerica Fin. Corp.*, 50 F. Supp. 2d 59, 77 (D. Mass. 1999) ("The Court's fairness determination also reflects the weight it has placed on the judgment of the parties' respective counsel, who are experienced attorneys and have represented to the Court that they believe the settlement provides to the Class relief that is fair, reasonable and adequate.").

A review of the settlement at issue should also account for the "clear policy in favor of encouraging settlements" of class actions. *Durrett v. Hous. Auth. of Providence*, 896 F.2d 600, 604 (1st Cir. 1990) (quoting *Metro. Hous. Dev. Corp. v. Village of Arlington Heights*, 616 F.2d 1006, 1014 (7th Cir. 1980)); *see also In re Pharm. Indus. Average Wholesale Price Litig.*, 588 F.3d at 36 (noting that the First Circuit has "recogniz[ed] a policy encouraging class action settlements"); *Medoff v. CVS Caremark Corp.*, No. 9-cv-554,-JNL, 2016 WL 632238, at *5 (D.R.I. Feb. 17, 2016) (noting courts must "perform[] this analysis in the shadow of the 'strong public policy in favor of settlements,'[], particularly in class action litigation" (quoting *P.R. Dairy Farmers Ass'n*, 748 F.3d at 20); other citation omitted).

In light of these principles, and because all four of the reasonableness factors enumerated in Rule 23(e)(2) are satisfied here, *see infra*, the Court should confirm its provisional certification of the class action and give final approval to the Settlement.

**I.     The Class Provisionally Certified by the Court for Settlement Purposes Should Be Confirmed.**

Fed. R. Civ. P. 23(e) provides that certain procedures, including court approval and notice to the class with an opportunity to object or comment, are necessary before "the claims, issues, or defenses of a certified class—or a class proposed to be certified for purposes of settlement—may be settled, voluntarily dismissed, or compromised." A class action settlement agreement can receive final approval "only after a hearing and only on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e). "At the preliminary approval stage… the Court need only

determine whether the settlement 'appears to fall within the range of possible final approval.'"

[*Del*] *Sesto v. Prospect CharterCARE, LLC*, No.18-cv-328- WES, 2019 WL 2394251, at *1 (D.R.I.

June 6, 2019) (quoting *Trombley v. Bank of Am. Corp.*, No. 08-cv-456-JD, 2011 WL 3740488, at

*4 (D.R.I. Aug. 24, 2011)); *see also* Fed. R. Civ. P. 23(e)(1)(B).[3]

> If the court grants preliminary approval, it then must "direct notice in a reasonable manner to all class members who would be bound" by the proposed settlement. Fed. R. Civ. P. 23(e)(1)(B). After notice to the class, the court must hold a fairness hearing at which class members may appear to support or object to the proposed settlement. *See* Rubenstein, *supra*, § 13.10. Finally, the court must determine whether to grant final approval of the proposed settlement. *See id.* Under Rule 23(e)(2), the court may grant final approval of a class action settlement if it can certify the proposed class, see *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 621, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997), and finds that the proposed agreement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2).

*Grenier v. Granite State Credit Union*, No. 21-CV-534-LM, 2023 WL 4931857, at *2 (D.N.H.

Aug. 2, 2023) (footnote omitted).

This Court provisionally certified two subclasses for settlement by Order of September 11,

2023, ECF 29. The Court made the following findings:

> For the purposes of settlement only, the Court finds that the proposed Rule 23 subclasses, as defined in the Settlement Agreement meet the requirements of Rule 23(b) and Rule 23(b)(2) of the Federal Rules of Civil Procedure. The Court finds that the subclasses are well defined and their members are identifiable on objective standards, numbering over 100 identifiable members in each subclass. The Court finds that the proposed class representatives will fairly and adequately protect the interests of the class members and that each subclass shares common questions of fact and law and that the claims of the proposed class representatives are typical of the claims of their respective class. The Court further finds that proposed class counsel satisfy the requirements of Federal Rule 23(g).

*Id.* at 1-2.

---

[3] Rule 23(e)(1)(B) provides that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal if giving notice is justified by the parties' showing that the court will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal."

The Court identified the two classes for settlement purposes only and appointed attorneys Ellen Saideman, Lynette Labinger and Jennifer Wood as class counsel for both subclasses:

> **The Evaluation Subclass (Subclass 1):** Identified children denied timely evaluation and determination of eligibility for special education and related services: All children, who on or after July 17, 2023, are or hereafter will be between the ages of three and five, with disabilities as defined by the IDEA, living or will live in the City of Providence and who have been identified by PPSD as requiring an initial evaluation for eligibility for special education services and have not received or will not receive an initial evaluation and determination of eligibility for special education and related services.

> **The Services Subclass (Subclass 2):** Children with IEPs denied IEP Services: All children, who on or after July 17, 2023, are or hereafter will be between the ages of three and five, with disabilities, as defined by the IDEA, living or will live in the City of Providence, who have been determined eligible for preschool programs under Part B of the IDEA and have been provided an IEP, but have been denied or delayed in the provision of the preschool programs and services identified in their IEPs on the claimed basis of unavailable resources or staffing.

*Id*. at 2.

The Court designated A.A. and his parent Rachel Cohn, and J.I. and his parent Karen Imbert as class representatives of the Evaluation Subclass and designated R.G. and his mother Dell Johnny, and L.C. and his parent Lorena Rodriguez as class representatives of the Services Subclass. *Id*.

The Court approved a form of Notice to the Class and a plan for providing notice, which required personal notice by mail and email where known, provided in the language of record of the family, as well as publication of the Notice on each defendant's website, as well as the websites of the Center of Justice and the ACLU of RI. *Id*. at 2-3. These Notices, as well as the complete Terms of Settlement, were provided commencing September 21, 2023, and will remain on the four websites until the Fairness Hearing scheduled for November 2, 2023 at 10:00 a.m..

Plaintiffs previously presented their motion for class certification, ECF 6, as supplemented, ECF 23. Plaintiffs sought certification of two discrete classes to proceed under Fed. R. Civ. P.

23(b)(2).  Plaintiffs' motion was supported by a detailed memorandum of law, ECF 6-1. Defendants assented to the motion for purposes of class action settlement.

The Court's provisional certification should be confirmed, with no modification.  Plaintiffs respectfully rely upon their memorandum of law in support of class certification as demonstrating each of the standards for class certification.  ECF 6-1.  Plaintiffs have easily satisfied each of the standards for class action status.  The membership of each subclass is based upon objective standards. Not including future members, each subclass has over 100 identifiable members.[4]  Each proposed representative shared the attributes of the described class. Subclass members each allege the same injury and would raise the same legal claims.

Plaintiffs have also demonstrated that they have represented and will fairly and adequately protect the interests of the class members.  ECF 6-1 at 11-12.  There is no conflict among the proposed representatives and the proposed subclass. The proposed relief is the same for all subclass members.  The qualifications of Plaintiffs' class counsel are described in the memorandum of law in support of class certification and below.  ECF 6-1 at 12-14.  In their opposition to the class motion, Defendants did not challenge the experience or ability of these attorneys to serve as class counsel. *See* ECF 24, 24-1.

## II.    The Settlement Is Fair, Reasonable, and Adequate

To determine whether a proposed settlement is "fair, reasonable, and adequate," courts

---

[4]  The size of each subclass remains dynamic.  Based upon the affidavit of Jennifer Connolly, ECF 19 ¶6, as of June 30, 2023, there were 155 in the evaluation subclass and 299 in the services subclass.  Since the subclasses were provisionally certified on September 11, 2023, the Monitor, THRU Company, reported that as of October 1, 2023, the then-current backlog in the Services subclass has been addressed while the Evaluation subclass has increased.  Plaintiffs' counsel are currently reviewing the THRU report in light of information provided by class members.  As the backlog in the Evaluation subclass is addressed, and additional children receive IEPs, more member children who are determined eligible for Services but are delayed in receiving them due to unavailable resources or staffing will enter the Services subclass and be entitled to the relief of the Settlement.

consider the four Rule 23(e)(2) factors recently codified in 2018.  These four factors are meant to overlay and help focus the broader considerations bearing on reasonableness articulated in earlier caselaw.  *See* 2018 Advisory Committee Notes to Fed. R. Civ. P. 23(e)(2) (noting that the 2018 amendment to Rule 23(e) was "not to displace" the "lists of factors" bearing on reasonableness developed by each circuit, "but rather to focus the court and the lawyers on the core concerns of procedure and substance that should guide the decision whether to approve the proposal").  The two procedural factors enumerated in Rule 23(e)(2) include whether "the class representatives and class counsel have adequately represented the class" and whether "the proposal was negotiated at arm's length."  Fed. R. Civ. P. 23(e)(2)(A)-(B); *see also* William B. Rubenstein, 4 Newberg on Class Actions § 13:48 (6th ed.) (hereinafter "Newberg").  The two substantive factors include the adequacy of relief to the class and whether "the proposal treats class members equitably relative to each other."  Fed. R. Civ. P. 23(e)(2)(C)-(D).  *See Cohen v. Brown University,* 16 F.4th 935, 943-944 (1st Cir. 2021), *cert. denied sub nom. Walsh v. Cohen,* --U.S.--, 142 S. Ct. 2667 (2022).

## A.    The Class Has Been Adequately Represented

Class Counsel have adequately represented the Class in this litigation.  *See* Fed. R. Civ. P. 23(e)(2)(A).  With respect to the adequacy of the "class representatives" themselves, "it is unclear that [Rule 23(e)(2)(A)] adds anything to [the] analysis" because "the court either has certified a class or  must do so for settlement purposes" and therefore has already determined under Rule 23(a)(4) that the class representatives "will fairly and adequately protect the interests of the class." Newberg § 13:49; *see also Walters v. Target Corp.*, No. 16-cv-1678-L-MDD, 2020 WL 6277436, at *6 (S.D. Cal. Oct. 26, 2020); Fed. R. Civ. P. 23(a)(4).  Consequently, "the focus at this point is on the actual performance of *counsel* acting on behalf of the class." 2018 Advisory Committee Notes to Fed. R. Civ. P. 23(e)(2) (emphasis added).

In assessing the adequacy of representation, courts look to, among other things, "the stage

of the proceedings and the amount of discovery completed." *Del Sesto*, 2019 WL 5067200, at *3 (quoting *Baptista v. Mutual of Omaha Ins. Co.*, 859 F. Supp. 2d 236, 240-41 (D.R.I. 2012)); *see also* 2018 Advisory Committee Notes to Fed. R. Civ. P. 23(e)(2) (noting importance of "the nature and amount of discovery in this or other cases"). Where, as here, experienced counsel "conducted sufficient discovery" before engaging in arm's length settlement negotiations, the settlement is presumed reasonable. *Bezdek*, 809 F.3d at 82 (quoting *In re Pharm. Indus. Average Wholesale Price Litig.*, 588 F.3d at 32-33); *see also Hill v. State St. Corp.*, No. 09-cv-01246-GAO, 2015 WL 127728, at *7 (D. Mass. Jan. 8, 2015) (approving settlement where experienced co-lead counsel "were well informed about the strengths and weaknesses of the case at the time the Settlement was achieved").

Formal discovery, however, is not an absolute prerequisite. *See Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998) ("In the context of class action settlements, 'formal discovery is not a necessary ticket to the bargaining table' where the parties have sufficient information to make an informed decision about settlement." ) (citation omitted).

> As discussed, the record shows that the parties informally exchanged information, and there is no evidence to suggest that Plaintiffs were inadequately prepared for the mediations or settlement discussions. In addition, based on the numerous briefs that have been filed in this action, the Court is persuaded that "[Plaintiffs'] counsel had a good grasp on the merits of their case before settlement talks began." This factor therefore weighs in favor of the Settlement.

*Zepeda v. PayPal, Inc*., No. C 10-1668 SBA, 2017 WL 1113293, at *14 (N.D. Cal. Mar. 24, 2017), quoting *Rodriguez v. W. Publ'g Co.*, 563 F. 3d 948, 967 (9th Cir. 2009) (footnote omitted). "Where a court can conclude that the parties had 'sufficient information to make an informed decision about settlement,' [] a court may approve a settlement in which no formal discovery takes place." Newberg, §13:49 (collecting cases; footnotes omitted).

Ellen Saideman, Lynette Labinger, and Jennifer Wood are all experienced in class action and complex litigation.    Ellen Saideman and Lynette Labinger served as co-counsel in *Hanson v. Jensen*, 20-cv-00232-WES-PAS (D.R.I.) (putative class action challenging the practice of stopping unemployment benefits without notice); *Correa v. Hawkins*, 1:19-00656-JJM-PAS (D.R.I.) (putative class action challenging notices of overpayments of SNAP benefits); and *Scherwitz v. Beane*, 1:18-cv-00005-WES-LDA (D.R.I.) (putative class action challenging lack of notice when certain Medicaid benefits were terminated)*.*    Saideman has previously litigated cases that, among other things, involved inadequate notice under federal Medicaid law in this Court and in the Southern District of Florida, and obtained class-wide relief for thousands of individuals.    *See Prado-Steiman v. Bush,* 221 F.3d 1266 (11th Cir. 2000) (class certification decision).    Saideman has also been appointed class counsel in other complex civil rights cases.    *See, e.g., Brown v. Bush*, 194 Fed. App'x 879, 880 (11th Cir. 2006); *Cramer v. Chiles*, 33 F. Supp. 2d 1342, 1346 (S.D. Fla. 1999).    Labinger has been appointed class counsel by this Court in complex civil rights cases.    *See, e.g., Cohen v. Brown University*, 16 F.4th 935; *Chapdelaine v. Neronha*, No. 15-cv-450-JJM-LDA, 2023 WL 2536819 (D.R.I. Mar. 16, 2023); *Morris v. Travisono*, 69-cv-1492.    Jennifer Wood represented the plaintiff class in *Inmates of the R.I. Training School v. Martinez*, 465 F. Supp. 2d 131 (D.R.I. 2006), for over a decade while at Rhode Island Legal Services and in private practice, represented the plaintiff class in *A.C. v. Raimondo*, 494 F. Supp. 3d 170 (D.R.I. 2020) (asserting rights of public school students); and the plaintiffs in other class actions in this Court, including cases relating to employment rights and tenants' rights, and served as state agency defense counsel in *Gemmell v. Beane*, C.A. No. 16-cv-650 (SNAP benefits), *Andrew C. v. Raimondo*, C.A. No. 07-cv-241-S (child welfare and foster children's rights), and *U.S. v. Rhode Island*, C.A. No. 13-cv-442 (education and related service rights of children and adults with disabilities).

At the time of the Settlement, Class Counsel had more than a sufficient basis for determining the Settlement's reasonableness. The parties engaged in prelitigation exchange of detailed information concerning the membership of the two classes and the challenges faced by defendants in addressing the backlogs in serving the Evaluation and Services Subclasses. Immediately upon filing the lawsuit, the parties engaged in substantial adversarial motion practice—which clearly illuminated the areas of dispute and potential procedural and substantive defenses—accompanied by detailed affidavits and exhibits which further developed the factual record. Substantial additional information was developed during the mediation sessions, which were attended not only by counsel for all parties, but by knowledgeable representatives of the defendants. These proceedings, while compressed, enabled Class Counsel to thoroughly evaluate the Parties' respective claims and defenses. *See, e.g., In re Relafen Antitrust Litig.*, 231 F.R.D. 52, 73 (D. Mass. 2005) (approving settlement reached after "parties engaged in 'extensive discovery'" and "significant motion practice during the course of the litigation," and "ha[d] consistently and vigorously been preparing for trial");

Thus, under circumstances such as those present here, the adequacy of class representation supports the presumptive reasonableness of the Settlement. *See Bezdek*, 809 F.3d at 82.

**B.    The Settlement Results from Arm's Length Negotiations**

The Settlement here was undeniably "negotiated at arm's length." Fed. R. Civ. P. 23(e)(2)(B). Courts treat "the involvement of a neutral or court-affiliated mediator or facilitator in ... negotiations" as evidence that "they were conducted in a manner that would protect and further the class interests." 2018 Advisory Committee Notes to Fed. R. Civ. P. 23(e)(2); *DeBoer v. Mellon Mortg. Co.*, 64 F.3d 1171, 1178 (8th Cir. 1995) (affirming settlement approval where "a Magistrate Judge presided over the settlement negotiations" (footnote omitted)); *Rapuano v. Trs.*

*of Dartmouth Coll.*, 334 F.R.D. 637, 655 (D.N.H. 2020) (noting significance of three days of mediation to settlement approval); *Crane v. Sexy Hair Concepts*, *LLC*, No. 17-cv-10300-FDS, 2019 WL 2137136, at *2 (D. Mass. May 14, 2019) (approving settlement negotiated "at arms' length and with the assistance of an experienced mediator and experienced counsel"); *accord Common Cause R.I.*, 2020 WL 4365608, at *4 (approving consent decree drafted after "a weekend of negotiations").

Here, the Settlement was reached after the Parties participated in Court-conducted mediation with Judge McElroy acting as mediator. The mediation included two court-conducted mediation conferences, with substantial interim discussions by the parties taking place both before and between the two mediations to work through their differences and develop the terms and standards. Judge McElroy's participation as the mediator in this case offers significant assurance that negotiations occurred at "arm's length" *See Common Cause R.I.*, 2020 WL 4365608, at *4.

### C. The Settlement Provides Adequate Relief to the Class

Rule 23(e)(2) next directs courts to consider whether a settlement provides adequate relief to the class, based on the following four subfactors:

(i)     the costs, risks, and delay of trial and appeal;

(ii)    the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii)   the terms of any proposed award of attorney's fees, including timing of payment; and

(iv)   any agreement required to be identified under Rule 23(e)(3).

Fed. R. Civ. P. 23(e)(2)(C). The second subfactor is not relevant where, as here, plaintiffs seek only injunctive relief, which need not be "distributed" to the class. *See, e.g.*, *Nelson v. Constant*, No. 17-cv-14581, 2020 WL 5258454, at *8 (E.D. La. Sept. 3, 2020); *see also* Newberg § 13:51. Taking the remaining three subfactors into consideration, the Parties' Settlement provides

adequate relief to the Class.

> **1.    The "Costs, Risks and Delay of Trial and Appeal" Weigh in Favor of the Settlement's Reasonableness**

As to subfactor (i)—"the costs, risks, and delay of trial and appeal"—the Settlement offers substantial benefits to the class, placing it comfortably within the "range of reasonableness" when accounting for "the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion." *Frank*, 228 F.R.D. at 186 (quoting *Newman*, 464 F.2d at 693); *see also Del Sesto*, 2019 WL 5067200, at *3 (noting significance of "the complexity, expense and likely duration of the litigation," "the risks of establishing liability," "the range of reasonableness of the settlement fund in light of the best possible recovery," and "all the attendant risks of litigation" when evaluating settlement's reasonableness (quoting *Baptista*, 859 F. Supp. 2d at 240–41)); *In re Compact Disc Minimum Advertised Price Antitrust Litig.*, 216 F.R.D. 197, 207 (D. Me. 2003) ("Obviously, the first and fundamental question is how the value of the settlement compares to the relief the plaintiffs might recover after a successful trial and appeal, discounted for risk, delay and expense.").

The Settlement provides substantial benefits to the class. Among other things, the settlement removes the uncertainty whether the matter would proceed as a class or other defenses to classwide relief and requires immediate and ongoing implementation of its terms, well in advance of fairness hearing in November 2023. This early relief benefits the entire class and such relief to class members may have been substantially delayed were the matter not resolved in settlement. The Settlement provides for a court-appointed monitor to provide the Court with monthly reports at least until October 2024. The Settlement sets the bar for substantial compliance with the agreement at 95% timeliness, or no more than 10 students whose evaluations or services are overdue, excluding parent appointment cancellations and/or no-shows.

The Settlement specifically preserves individual claims regarding the sufficiency of evaluations, eligibility determinations, individual education plans (IEPs), free appropriate public education (FAPE), placement, and claims for individualized prospective compensatory education, subject to the requirements of the IDEA requirements.  Because the class members are preschool students, providing services immediately, starting before the commencement of the 2023-2024 school year, and thereby avoiding the delays of litigation, is a critical benefit.

The Settlement also avoids the uncertainty, delay, and burden of continued litigation (including any appeals).  *See, e.g.*, *In re Tyco Int'l, Ltd. Multidistrict Litig.*, 535 F. Supp. 2d 249, 261 (D.N.H. 2007) ("risk, complexity, expense, and duration all weigh in favor of approving the proposed settlement."); *Del Sesto*, 2019 WL 5067200, at *6 (approving settlement that avoided "a costly and time-consuming trial").  Proceeding with an evidentiary hearing on the merits would only drive litigation costs higher in this case, while the Settlement, of course, avoids further costs from being incurred.  *Cf. Del Sesto*, 2019 WL 5067200, at *6.  What is more, "[c]ounsel for both [sides] made it clear by their words and deeds during the course of the litigation that they intended to vigorously contest" the claims at issue.  *In re Tyco*, 535 F. Supp. 2d at 260.  Indeed, if litigation were to continue, either side would be expected to appeal an unfavorable decision, contributing to the mounting expenses and continued burdens of resolving this dispute through litigation and potentially delaying swift implementation of the interim remedies agreed to by the Parties.

In their assessment balancing settlement and continued litigation, Class Counsel also considered that resolving this matter at the earliest opportunity is particularly important as this case involves special education and related services for preschool children with disabilities, and delays in receiving special education and related services can result in lasting harms.  In light of

the anticipated "costs, risks, and delay of trial and appeal" in securing relief, Fed. R. Civ. P.

23(e)(2)(C), the Settlement constitutes a reasonable resolution of the claims at issue.

The Settlement provides for the award of a reasonable attorneys' fee to Plaintiffs' counsel

in an amount to be determined by the Court or later compromise. Under these circumstances, there

is no reason to question the reasonableness of the Settlement. *See Blessing v. Sirius XM Radio*

*Inc.*, 507 F. App'x 1, 2 (2d Cir. 2012) (approving fee award and class action settlement where "the

fee was negotiated only after settlement terms had been decided and did not, as the district court

found, reduce what the class ultimately received"); Newberg § 13:50 (instructing, in context of

Rule 23(e)(2), that "[f]ees should not be negotiated between class counsel and defendant's counsel

until after a settlement of the class's claims has been agreed upon"); *see also Durrett*, 896 F.2d at

604 ("[t]here is no suggestion, or basis for one, that the proposed [settlement] would violate any

law"); *Common Cause R.I.*, 2020 WL 4365608, at *5 (approving consent decree that was "not

legally impermissible," and where third-party objector provided "no evidence of collusion among

the parties"); *Del Sesto*, 2019 WL 2394251, at *3 (noting court's independent obligation to ensure

the absence of collusion). Moreover, "[u]ltimately, any award of attorney's fees must be evaluated

under Rule 23(h)" for reasonableness in any event. 2018 Advisory Committee Notes to Fed. R.

Civ. P. 23(e)(2).

The Settlement is fair, reasonable, and adequate and therefore, the Parties submit that the

Court should grant the Joint Motion.

## 2. The Remaining Subfactors Weigh in Favor of the Settlement's Reasonableness

As to subfactors (iii) and (iv), there are no agreements requiring disclosure—other than

those already disclosed in the Preliminary Approval Motion (*i.e.*, the Settlement Terms, ECF 28-

1)—that were "made in connection with the proposal" under Rule 23(e)(3). Nor is there yet a

negotiated award of attorney's fees that could somehow impact the reasonableness of the Settlement. *Cf.* Newberg § 13:48 ("[I]n assessing the reasonableness of a settlement, . . . an inordinate fee may be the sign that counsel sold out the class's claims at a low value in return for the high fee.").  Indeed, the Settlement provides for the award of reasonable attorney's fees to Plaintiffs' counsel only if the Settlement is approved by the Court, and only in an amount to be determined by the Court or later compromise.  Under these circumstances, there is no reason to question the reasonableness of the Settlement.  *See* discussion *supra.*

### D.    The Settlement Treats Class Members Equitably

Finally, Rule 23 requires the court to determine whether "the proposal treats class members equitably relative to each other."  Fed. R. Civ. P. 23(e)(2)(D).  "Matters of concern could include whether the apportionment of relief among class members takes appropriate account of differences among their claims, and whether the scope of the release may affect class members in different ways that bear on the apportionment of relief."  2018 Advisory Committee Notes to Fed. R. Civ. P. 23(e)(2).  "There is no requirement that all class members in a settlement be treated *equally*"; rather, Rule 23 requires only that all class members are treated fairly. *Swinton v. SquareTrade, Inc.*, 454 F. 3d 848, 875 (S.D. Iowa 2020) (emphasis in original) (final approval of settlement where all class members would "benefit from injunctive relief" and receive a settlement coupon, but only some class members would receive a product refund); *cf. Radcliffe v. Hernandez*, 794 F. App'x 605, 607 (9th Cir. 2019) (stating that Rule 23(e)(2)(D)'s "flexible standard allows for the unequal distribution of settlement funds so long as the distribution formula takes account of legitimate considerations and the settlement remains 'fair, reasonable, and adequate'").

Here, in this "injunctive-relief-only class action" litigation, within each of the two subclasses, all of the members of the subclass have the same claim: namely, receiving the timely

evaluations or receiving timely educational and program services as mandated by federal law. *Cf. Gumm v. Ford*, No. 15-cv-41-MTT, 2019 WL 479506, at *7 (M.D. Ga. Jan. 17, 2019) (holding that injunctive relief "class action settlement which provides for changes to policies and practices . . . appl[ied] equally to all class members"); *see also In re Google LLC St. View Elec. Commc'ns Litig.*, 611 F. Supp. 3d 872, 879, 895 (N.D. Cal. 2020), *aff'd sub nom. In re Google Inc. St. View Elec. Commc'ns Litig.*, 21 F.4th 1102 (9th Cir. 2021) (approving settlement as equitable where "a vast but nonetheless difficult-to-identify class of people suffered intangible injury, and minimal damages" and "each receive[d] identical injunctive relief and enjoy[ed] the benefits conferred by the *cy pres* recipients in furthering their interest").

Here, within each subclass, the Settlement treats all class members the same, mandating notices, formation of evaluation teams, and provision of educational programs as set forth in IEPs. The Settlement expressly preserves and reserves each class member's ability to challenge or enforce individualized services as they relate to that child, and to seek compensatory education to account for any failures to make timely provision. No class members are singled out or designated for greater or lesser protections under the Settlement.

Accordingly, the Settlement treats all Class members equitably. *Cf. Doe v. Ohio*, No. 91-cv-00464, 2020 WL 728276, at *2 (S.D. Ohio Feb. 12, 2020) (holding settlement that "contain[ed] commitments from the State that will benefit all class members" and "especially in the 11 Districts" that most needed improvement treated class members equitably under Rule 23(e)(2)).

## III.    The Reaction of the Class to the Settlement

To determine the reasonableness of a proposed settlement under Rule 23(e)(2), courts also consider "the reaction of the class to the settlement." *Del Sesto*, 2019 WL 5067200, at *3. Here, nothing about the Class members' reactions provides any reason to doubt the fairness,

reasonableness, and adequacy of the Settlement.

Here, personal Notice was provided by mail to approximately two hundred sixty families. In addition, the Settlement Terms and the Notice (with translations) were published on each defendant's website, as well as on the websites of the Center for Justice and ACLU of RI. News of the litigation and resolution was also covered in the local media.[5] In addition, each of Class Counsel received inquiries for more information from parents who identified receipt of the Notice by mail as prompting their inquiry.

This Notice amply fulfilled the requirements of Rule 23 and due process, which require is "notice in a reasonable manner," Fed. R. Civ. P. 23(e)(1)(B), or in other words, "the best notice practicable under the circumstances," *Duncan v. Nissan N. Am., Inc.*, No. 16-cv-12120-DLC, 2020 WL 5901399, at *1 (D. Mass. Aug. 25, 2020). *See Navarro-Ayala v. Hernandez-Colon*, 951 F.2d 1325, 1337 (1st Cir. 1991) (Rule 23(e) "leaves the form of the notice to the court's discretion"); *Nilsen v. York Cnty.*, 382 F. Supp. 2d 206, 210 (D. Me. 2005) (class notice satisfies requirements "if it is reasonably calculated to reach the class members and inform them of the existence of and the opportunity to object to the settlement"). *See also Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 114 (2d Cir. 2005) ("There are no rigid rules to determine whether a settlement notice to the class satisfies constitutional or Rule 23(e) requirements.").

Here, the Parties distributed Class Notice pursuant to the procedures approved by the Court,

---

[5] *See, e.g.,* "New court settlement details how Providence plans to solve special education crisis," Boston Globe, September 7, 2023, at https://www.bostonglobe.com/2023/09/07/metro/new-court-settlement-details-how-providence-plans-solve-special-education-crisis/?p1=BGSearch_Overlay_Results. accessed 10/25/23; "Providence settles lawsuit over failure to provide special ed services," Providence Journal, August 30, 2023, at https://www.providencejournal.com/story/news/education/2023/08/30/special-education-services-change-lawsuit-settlement-aclu-rhode-island-providence-public-schools/70718392007/, accessed 10/25/23.

ECF 29, and in a manner that courts have already determined to be reasonably calculated to reach class members. *See In Re Loestrin 24 Fe Antitrust Litig.*, No. 13-MD-2472, 2020 WL 5203323, at *2 (D.R.I. Sept. 1, 2020) (holding due process satisfied where notice was sent to all class members by e-mail and posted on a settlement website); *In re TelexFree Sec. Litig.*, 475 F. Supp. 3d 15, 17 (D. Mass. 2020) (same).

Under the circumstances, the absence of any objections is itself evidence of the Settlement's reasonableness. *See Del Sesto*, 2019 WL 5067200, at *4 ("If only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement." (quoting *Wal-Mart.*, 396 F.3d at 118); *Medoff*, 2016 WL 632238, at *6 (same); *In re Colgate-Palmolive Softsoap Antibacterial Hand Soap Mktg. & Sales Practices Litig.*, No. 12-MD-2320-PB, 2015 WL 7282543, at *12 (D.N.H. Nov. 16, 2015) (same); *In re Tyco*, 535 F. Supp. 2d at 269 ("Only a tiny percentage of the class has objected to the proposed fee request . . . . Thus, the reaction of the class weighs in favor of approval.").

## CONCLUSION

Based on the foregoing, the Parties respectfully request that the Court grant final approval of the Settlement as fair, reasonable, and adequate and enter Judgment accordingly.

*Counsel for Plaintiffs*

/s/ Ellen Saideman
Ellen Saideman, Esq. (Bar No. 6532)
Law Office of Ellen Saideman
7 Henry Drive
Barrington, RI  02806
401.258.7276
fax 401.709.0213
esaideman@yahoo.com

*Counsel for Defendants*

/s/ Anthony Cottone
Anthony Cottone (Bar No. 3922)
Chief Legal Counsel
Kaelyn R. Phelps Prigge (Bar No. 10171)
RI Department of Education
255 Westminster Street
Providence, RI 02903
401.222.4600
Anthony.Cottone@ride.ri.gov

/s/ Lynette Labinger
Lynette Labinger (Bar No. 1645)
128 Dorrance St., Box 710
401.465.9565
Providence, RI 02903
ll@labingerlaw.com

Cooperating counsel,
ACLU Foundation of RI

/s/ Jennifer L. Wood
Jennifer L. Wood (Bar No. 3582)
The R.I. Center for Justice
1 Empire Plaza, Ste. 410
Providence, RI 02903
401.837.6431
jwood@centerforjustice.org

/s/ Mary Ann Carroll
Mary Ann Carroll (Bar No. 6664)
155 South Main Street, Suite 406
Providence, RI 02903
401.424.5224
macarroll@hcllawri.com