UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Parents Leading for Educational Equity (PLEE); et al.<br><br>　　　　　PLAINTIFFS,<br><br>　v.<br><br>Providence Public School Department; et al.<br><br>　　　　　DEFENDANTS. | C.A. 23-cv-00301-MSM-PAS |

**JUDGMENT**

Before the Court is the Joint Motion of the Parties for Final Approval of a Proposed Settlement and Class Certification for Settlement Purposes. For good cause shown, and after providing notice to the Class and conducting a fairness hearing on November 2, 2023, the motion is GRANTED, the agreement is APPROVED, and the within Judgment shall enter.

　　1.　By order entered on September 11, 2023, ECF 29, the Court provisionally granted certification of class action status under Fed. R. Civ. P. 23(b)(2) for settlement purposes; granted preliminary approval of the class settlement (Settlement Agreement); and approved the proposed notice to class members and proposed notice plan, with a fairness hearing scheduled for November 2, 2023 at 10 am.

　　2.　On November 2, 2023, the Court conducted a Fairness Hearing to consider final approval of the Settlement Agreement. The Court has considered all matters submitted to it by the parties in support of final approval, the pleadings on file, the applicable law, and the record. No class member filed an objection to the Settlement Agreement. No class member appeared at the Fairness Hearing to comment on, or oppose, final approval of the Settlement Agreement.

3. **Final certification of the Rule 23 Class**. The Court finds that the Rule 23 subclasses, as defined in the Settlement Agreement meet the requirements of Rule 23(a) and Rule 23(b)(2) of the Federal Rules of Civil Procedure. The Court finds that the subclasses are well defined and their members are identifiable on objective standards, numbering over 100 identifiable members in each subclass. The Court finds that the provisionally certified class representatives have protected and will fairly and adequately protect the interests of the class members and that each subclass shares common questions of fact and law and that the claims of the proposed class representatives are typical of the claims of their respective class. The Court further finds that class counsel satisfy the requirements of Federal Rule 23(g).

4. Accordingly, the Court certifies the following two classes for settlement purposes only and appoints attorneys Ellen Saideman, Lynette Labinger and Jennifer Wood as class counsel for both subclasses:

> **The Evaluation Subclass (Subclass 1):** Identified children denied timely evaluation and determination of eligibility for special education and related services: All children, who on or after July 17, 2023, are or hereafter will be between the ages of three and five, with disabilities as defined by the IDEA, living or will live in the City of Providence and who have been identified by PPSD as requiring an initial evaluation for eligibility for special education services and have not received or will not receive an initial evaluation and determination of eligibility for special education and related services.

The following individuals are designated as class representatives of the Evaluation Subclass: A.A. and his parent Rachel Cohn, and J.I. and his parent Karen Imbert.

> **The Services Subclass (Subclass 2):** Children with IEPs denied IEP Services: All children, who on or after July 17, 2023, are or hereafter will be between the ages of three and five, with disabilities, as defined by the IDEA, living or will live in the City of Providence, who have been determined eligible for preschool programs under Part B of the IDEA and have been provided an IEP, but have been denied or delayed in the provision of the preschool programs and services identified in their IEPs on the claimed basis of unavailable resources or staffing.

The following individuals are designated as class representatives of the Services Subclass: R.G. and his mother Dell Johnny, and L.C. and his parent Lorena Rodriguez.

5. **Approval of the Settlement Agreement.** The Court approves the Settlement Agreement, ECF 28-1. The Court finds that it is a reasonable compromise of the claims of the Rule 23 Evaluation and Services Subclasses. The Settlement Agreement is fair, just, reasonable, and adequate to, and in the best interest of, the Rule 23 Subclasses. It achieves a definite and certain result for the benefit of the Rule 23 Subclass members that is preferable to continuing litigation in which the Subclass members would necessarily confront substantial risk (including the risk of non-certification of a class and the risk of loss), uncertainty, delay and cost. This Order constitutes final approval of the Settlement Agreement. The Settlement Agreement is binding on the parties to it and on all members of the Services and Evaluation Subclass members.

6. Notice to the Class. The Court determines that notice was given in substantial compliance with the notice plan set forth in the Order, ECF 29, preliminarily approving the class settlement. The Court finds that the notice given of the proposed settlement was the best practical notice under the circumstances and provided the Rule 23 class members with fair and adequate notice of the terms of the Settlement Agreement and the Fairness Hearing. The Court finds that the Notice satisfied the requirements of Fed.R.Civ.P. 23.

7. The Court finds that the Settlement Agreement: (a) is fair to all parties; (b) reasonably resolves a bona fide disagreement between the parties; and (c) demonstrates a good faith intention by the parties that these claims be fully and finally resolved, not subject to appellate

3

review, and not re-litigated in whole or in part at any point in the future. The Court therefore approves the Agreement.

8. The Settlement Agreement shall be administered in accordance with its terms.

9. Without affecting the finality of this Judgment, the Court reserves jurisdiction over the implementation, administration and enforcement of this Judgment and the Agreement and all matters ancillary to the same.

10. Unless an earlier termination date is hereinafter agreed to by the parties, the Court shall retain jurisdiction over this matter until July 1, 2025, unless extended by the Court by application.

11. The time within which Plaintiffs shall file their application for taxable costs and their motion for attorney's fees and related nontaxable expenses pursuant to F.R.Civ.P. 54(d) and Local Civil Rules 54 and 54.1 is hereby extended for a period of sixty (60) days from the date of entry of the within Judgment, unless further extended by the Court, to enable the parties to explore informal compromise of the issue. The Court will consider a referral to mediation upon the request of either party.

ENTERED as the Judgment of the Court this 27th day of November, 2023.

ENTER: _____
Mary S. McElroy
District Judge

By Order
_____
C. Potter
Clerk

4